MARC A. PILOTIN
Regional Solicitor
ANDREW KATZ (Cal. Bar No. 350024)
Senior Trial Attorney
Katz.Andrew.M@dol.gov
ADRIANA AHUMADA (Cal. Bar No. 274295)
Senior Trial Attorney
Ahumada.Adriana.E@dol.gov
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, CA 94103-1516
Telephone: 415-625-7742
*Attorneys for Plaintiff Lori Chavez DeRemer,*
*United States Secretary of Labor*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| LORI CHAVEZ-DEREMER, Secretary of Labor, U.S. Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT B. PAMPLIN, JR., an individual; R.B. PAMPLIN CORPORATION, an Oregon Corporation; and R.B. PAMPLIN CORPORATION & SUBSIDIARIES PENSION PLAN, an employee benefit plan, <br><br> Defendants. | Case No. 3:24-cv-01548 <br><br> **STIPULATION AND [PROPOSED] ORDER REGARDING THE CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

## INTRODUCTION

Plaintiff Secretary of Labor Lori Chavez-DeRemer (the "Secretary") of the U.S.

Department of Labor ("Department"), by and through her counsel, and Defendants Dr. Robert B.

Pamplin, Jr. ("Dr. Pamplin) and R.B. Pamplin Corporation ("Pamplin Corporation") (collectively

"Defendants"), by and through their counsel, enter the following Stipulation and [Proposed]

Order Regarding the Consent Judgment and Permanent Injunction entered on December 26,

2024 (hereinafter, the "Stipulation and Order").

## RECITALS

1.     On December 26, 2024, the Court entered the Consent Judgment and Permanent

Injunction ("Consent Judgment") against Defendants imposing certain temporary prohibitions on

the dissipation of assets (Section II), obligating Defendants to restore losses incurred by the

Pension Plan (Section V), requiring Defendants to transfer assets to the Pension Plan totaling at

least $23,100,000 (Section VIII), and requiring Defendants to execute a trust deed on real

property worth $3,000,000 as security for a Section 502(l) Penalties (Section X).

2.     A dispute has arisen between the Parties concerning Defendants' compliance with

the Consent Judgment. Specifically, the Secretary contends that (a) Defendants have failed to

contribute at least $23,100,000 in assets to the Pension Plan as required under Section VIII of the

Consent Judgment; (b) Defendants have failed to execute a trust deed on real property worth

$3,000,000 as required under Section X of the Consent Judgment; (c) Defendants have not

satisfied Sections VII and VIII of the Consent Judgment or all amounts due under the Consent

Judgment, and as a result, the prohibition against the dissipation of assets under Section II of the

Consent Judgment has not been lifted; (d) Defendants violated Paragraph 3 of the Consent

Judgment by encumbering certain real property following the entry of the Consent Judgment;

and (e) Defendants are required to contribute additional assets to the Pension Plan pursuant to Paragraph 57 of the Consent Judgment as a result of additional expenses incurred (or expected to be incurred) by the Pension Plan. Defendants disagree with the Secretary's contentions.

3.     Per the terms contained herein, the Secretary and Defendants have agreed to resolve the aforementioned disputes (a), (b), and (c), and have agreed to defer for now, resolution on disputes (d) and (e). Accordingly, the Secretary and Defendants hereby stipulate to the following terms and conditions.

## TRUST DEED

4.     Within 5 days of signing this agreement, Defendants shall execute a trust deed on 33060 SW Bell Road, Sherwood, Washington County, Oregon 97140 (Tax ID number 3S211B000101, hereinafter "Parcel R"), naming the Secretary and R.B. Pamplin Corporation and Subsidiaries Pension Plan (the "Pension Plan") as the beneficiaries (hereinafter "Parcel R Trust Deed"), to serve as security for the performance of Defendants' obligation to pay amounts due under Section X of the Consent Judgment. Defendants represent that they own the property in whole listed on the Parcel R Trust Deed, that Defendants have authority to execute the Parcel R Trust Deed, and that the property is not encumbered except for unpaid property taxes.

5.     Gallagher Fiduciary Advisors, LLC ("Independent Fiduciary") shall provide the documentation for the Parcel R Trust Deed to Defendants for their execution.

## PERMISSION TO SELL ART

6.     Upon the execution and recording of the Parcel R Trust Deed, Defendants may sell up to an additional $200,000 in art, antiquities, or other personal property, beyond the $750,000 limit allowed under Consent Judgment Paragraph 10, for the sole purpose of (a) covering Defendants' payroll expenses, including payroll taxes; (b) paying employee benefits;

3

(c) making required contributions to the Pension Plan or the R.B. Pamplin Corporation 401(k) Plan; (d) making payments for insurance to bona fide third-party insurance providers; and/or (e) satisfying the indemnification provision under Section 1 of the October 23, 2020 Third Amendment to Purchase and Sale Agreement and Buyer Contingency Waiver between the R.B. Pamplin Corporation and Subsidiaries Pension Plan & Trust and Moore Excavation, Inc. dba MEI Group and WCP, Inc., attached to the Consent Judgment as Exhibit 2, if Dr. Pamplin and Pamplin Corporation secure a release on behalf of the Pension Plan of any liability it may face under the Third Amendment to Purchase and Sale Agreement and Buyer Contingency Waiver and provide proof thereof to the Secretary within 30 days thereafter. Except as otherwise stated above, in no event shall the proceeds of such sales permitted under this Paragraph flow directly or indirectly to Dr. Pamplin or his family members, affiliates (including the Pamplin Affiliates[1]), successors, assigns, heirs, and representatives.

7.      Every 14 days, Defendants shall provide to the Secretary a list of arts, antiquities, or other personal property that were sold under Paragraph 6 along with the name of the buyer and the sale price. Defendants shall also provide details about all costs associated with each sale, such as any commissions paid. Defendants shall provide supporting documentation of each sale upon the Secretary's request.

8.      Every 14 days, Defendants shall provide the Secretary with an accounting of the sales proceeds of arts, antiquities, or other personal property that were sold under Paragraph 6, including how Defendants utilized such proceeds. Defendants shall provide supporting

---

[1] "Pamplin Affiliates" refers to collectively to the following companies are their affiliates or subsidiaries: Columbia Empire Farms, Inc.; Ross Island Sand & Gravel, Co.; Mount Vernon Mills, Inc.; Oregon Publication Corporation, Inc.; Smith and Waters, Inc.; Anne Amie Vineyards; LeCep II, Inc.; Pamplin Vineyards LLC; and R2 Land LLC.

documentation of each payment made using sales proceeds under this provision upon the
Secretary's request.

## CONTRIBUTION OF ADDITIONAL PROPERTY

9.      Within 30 days of signing this agreement, Defendants shall transfer full title and
ownership of 32255 SW Bell Road, Sherwood, Washington County, Oregon 97140 (Tax ID
number 3S2020001200, hereinafter "Parcel F") to the Pension Plan. Defendants represent that
Parcel F has no encumbrances other than the Secretary's current Trust Deed and unpaid property
taxes or utilities. If Parcel F is encumbered with unpaid property taxes or utilities, Parcel F's
value to the Pension Plan shall be discounted by the amount of unpaid property taxes or utilities.

10.     Upon the recording of the Parcel R Trust Deed and the contribution of Parcel F to
the Pension Plan, the Secretary shall hereby not contest Defendants' satisfaction of Section VIII
of the Consent Judgment as of the date of the entry of this Stipulation and Order.
Notwithstanding this Paragraph and any other provision of this Stipulation and Order, the
Secretary expressly reserves her rights under Section VIII of the Consent Judgment.

11.     Defendants agree to take all reasonable steps within their power or control to
protect against and prevent third-party creditors from placing liens against, forcing the sale of, or
collecting against Parcel F and Parcel R. Reasonable steps shall include, but are not necessarily
limited to, staying current on all loan and tax obligations.

## MISCELLANEOUS

12.     Nothing in this Stipulation and Order shall be construed to affect the rights,
obligations or liabilities of Marilyn Pamplin, Amy Pamplin North, or Anne Pamplin Evenson
under the Consent Judgment.

5

**IT IS SO STIPULATED.**

**SECRETARY OF LABOR LORI CHAVEZ-DEREMER**
**U.S. DEPARTMENT LABOR**

ANDREW M. KATZ
Senior Trial Attorney

Dated: __June 18__, 2025

ADRIANA AHUMADA
Senior Trial Attorney

*Attorneys for Loris Chavez-DeRemer,*
*United States Secretary of Labor*

6

**DEFENDANTS**

## R.B. PAMPLIN CORPORATION

Dated: _June 18_, 2025

By: _Dr. Robert B. Pamplin_
      Dr. Robert B. Pamplin

## DR. ROBERT B. PAMPLIN

Dated: _June 18_, 2025

By: _Dr. Robert B. Pamplin_
      Dr. Robert B. Pamplin

**Approved as to Form:**

Dated: _June 18,_ , 2025

KEVIN O'BRIEN
Attorney for Defendants
R.B. Pamplin Corporation and
Dr. Robert B. Pamplin

7

PURSUANT TO STIPULATION, AND FOR GOOD CAUSE APPEARING, IT IS SO ORDERED.

Dated: ___June 20___, 2025

*Youlee Yim You*

THE HONORABLE YOULEE YIM YOU
United States Magistrate Judge